PAUL J. FISHMAN
United States Attorney
BY: ANDREW KOGAN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
(973) 645-2754

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable Mary L. Cooper |
| *Plaintiff*, | : | Criminal No. 09- 669 (MLC) |
| v. | : | |
| HUSSEIN EL ZAGHIR | : | FINAL ORDER OF FORFEITURE |
| *Defendant.* | : | |

**WHEREAS**, on September 4, 2009, a Consent Judgment and Preliminary Order of Forfeiture was entered between the United States and the Defendant, Hussein El Zaghir, pursuant to the terms of a plea agreement under which the Defendant, Hussein El Zaghir, agreed pursuant to 18, United States Code, Section 2323 to forfeit and abandon all rights, title, and interest in the counterfeit goods recovered at the time of his arrest and the day thereafter, namely the following items:

      a.    451 pairs of counterfeit Blac Label Jeans;

      b.    285 pairs of counterfeit Enyce Jeans;

      c.    91 pairs of counterfeit Laguna Beach jeans;

      d.    178 pairs of counterfeit Marithe Francois Girbaud jeans;

      e.    139 pairs of counterfeit True Religion jeans;

      f.    24 pairs of counterfeit Evisu Genes jeans;

g.   40 pairs of counterfeit Baby Phat jeans;

h.   11 pairs of counterfeit Ed Hardy jeans;

i.   10 pairs of counterfeit Akademiks jeans;

j.   1 pair of counterfeit SNP jeans

k.   2 pairs of counterfeit Rocawear jeans;

l.   1 pair of counterfeit Ecko jeans;

m.   1 pair of counterfeit Sean John jeans;

n.   1 pair of counterfeit Coolman jeans;

o.   1 pair of counterfeit Apple Bottom jeans;

p.   1 pair of counterfeit Coogi jeans;

q.   1 pair of counterfeit Jean Reaction jeans;

r.   877 counterfeit Lacoste shirts

s.   143 counterfeit Laguna Beach shirts;

t.   109 counterfeit Coogi shirts;

u.   57 counterfeit Christian Audigier shirts;

v.   90 counterfeit Rocawear shirts;

w.   62 counterfeit Blac Label shirts;

x.   16 counterfeit Affliction shirts;

y.   43 counterfeit Bebe shirts;

z.   8 counterfeit Baby Phat shirts;

aa.   37 counterfeit Marithe Francois Girbaud shirts;

bb.   9 counterfeit Phat Farm shirts;

cc. 24 counterfeit Bathing Ape shirts;

dd. 317 counterfeit Ralph Lauren shirts;

ee. 180 pairs of counterfeit pairs of Timberland boots;

ff. 1763 pairs of counterfeit pairs of Nike sneakers;

gg. 26 counterfeit Bebe T-Shirts;

hh. 20 counterfeit Blac Label T-Shirts;

ii. 5 counterfeit North Face sweat suits;

jj. 24 counterfeit Akademiks sweaters;

kk. 114 counterfeit Coogi sweat suits;

ll. 8 counterfeit Bebe sweat suits;

mm. 1 counterfeit Marithe Francois Girbaud sweat suit;

nn. 1 counterfeit LRG sweat suit;

oo. 1 counterfeit Rockawear sweat suit;

pp. 4 counterfeit Ecko sweat suits;

qq. 1 counterfeit North Face sweatshirt;

rr. 1 counterfeit Sean Jean sweatshirt;

ss. 1 counterfeit Phat Farm sweatshirt; and

tt. 150 miscellaneous counterfeit sweaters, jackets, sweatshirts, and sweat suits,

(hereinafter "defendant property") because it represents property involved in a violation of Title 18, United States Code, Sections 2320 and *2*; and

**WHEREAS**, pursuant to 21, United States Code, 853(n)(i), the United States posted for at least 30 consecutive days on an official government internet web site, namely www.forfeiture.gov, between September 15, 2009 and October 15, 2009, a notice of its intent to dispose of the forfeited property in accordance with the law and further notifying all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the above notice, for a hearing to adjudicate the validity of their alleged legal interest in the property (Declaration of Andrew Kogan with Exhibit, Exhibit A, hereinafter "Kogan Decl."); and

**WHEREAS,** no timely claims have been filed on the property by any third parties; and

**THEREFORE** it is hereby **ORDERED, ADJUDGED AND DECREED:**

1. That a Final Order of Forfeiture is entered and the defendant property is hereby forfeited to the United States of America and no right, title or interest in the asset shall exist in any other party.

2. That the herein discussed property shall be disposed of in accordance with the law by the United States through its custodian, Federal Bureau of Investigation, or their agent.

3. That, any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the United States Marshall Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the United States Marshall Service into the Department of Justice Asset Forfeiture Fund, in accordance with th law;

The Clerk is hereby directed to send copies to all counsel of record.

**ORDERED** this 17th day of November, 2009

                                                    s/Mary L. Cooper
                                              **HONORABLE MARY L. COOPER**
                                              United States District Judge